Slip Op. 14-75

## UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

VIETNAM ASSOCIATION OF SEAFOOD EXPORTERS AND PRODUCERS,

                 Plaintiff,

   and

AN GIANG FISHERIES IMPORT AND EXPORT JOINT STOCK COMPANY, ET AL.,

            Plaintiff-Intervenors,

          v.

UNITED STATES,

               Defendant,

   and

CATFISH FARMERS OF AMERICA, ET AL.,

            Defendant-Intervenors.

</td><td>

Before: Claire R. Kelly, Judge
Court No. 14-00115

</td></tr>
</table>

## OPINION AND ORDER

[Order granting Defendant's motion for leave to amend final results.]

Dated: June, 26, 2014

Andrew B. Schroth, Ned H. Marshak, and Kavita Mohan, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of New York, NY, for Plaintiff.

Matthew Jon McConkey, Mayer Brown LLP, of Washington, DC, for Plaintiff-Intervenors.

Ryan M. Majerus, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington DC, for defendant. With him on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White Jr., Assistant Director. Of counsel on the brief was Devin S. Sikes, Attorney,

Office of the Chief Counsel for Trade Enforcement & Compliance, United States Department of Commerce.

Valerie A. Slater, Henry David Almond, Jarrod Mark Goldfeder, Nazakhtar Nikakhtar, Akin, Gump, Strauss, Hauer & Feld, LLP, of Washington, DC, for Defendant-Intervenors.

Kelly, Judge:  Defendant, the United States, moves for leave to publish amended final results in the ninth administrative review on certain frozen fish fillets from the Socialist Republic of Vietnam so that the Department of Commerce ("Commerce") can correct errors in the final results that it deems were ministerial.  See Def.'s Mot. Leave Pub. Amended Final Results 1, June 3, 2014, ECF No. 13 ("Def.'s Mot.").  Plaintiff, Vietnam Association of Seafood Exporters and Producers ("VASEP") opposes Defendant's motion.  See Resp. Opp'n Def.'s Mot. Leave Pub. Amended Final Results, June 23, 2014, ECF No. 28 ("Pl.'s Opp'n").  It argues that what Commerce calls a ministerial error was in fact a methodological modification which is inappropriate to correct after final results are published.  Pl.'s Opp'n at 5.  Additionally, Plaintiff argues the amended rate for separate rate respondents is not supported by substantial evidence and is contrary to law.  Pl.'s Opp'n at 8.  Because the court finds that Commerce's proposed correction is ministerial and no prejudice, undue delay, or expense will result from granting leave to amend the final results, Defendant's motion is granted.

## BACKGROUND

During antidumping investigations and administrative reviews alike, Commerce generally "determine[s] the individual weighted average dumping margin for each known exporter and producer of the subject merchandise."  Section 777A(c)(1) of

the Tariff Act of 1930, as amended, 19 U.S.C. 1677f-1(c)(1) (2006).[1]  However, if it is not practicable to do so "because of the large number of exporters or producers . . . [Commerce] may determine the weighted average dumping margins for a reasonable number of exporters or producers by limiting its examination . . . ."  19 U.S.C. § 1677f-1(c)(2).  One option is for Commerce to select "exporters and producers accounting for the largest volume of the subject merchandise from the exporting country that can be reasonably examined."  19 U.S.C. § 1677f-1(c)(2)(B).

In nonmarket economy cases, Commerce begins with a rebuttable presumption that all respondents are under foreign control and should receive a single countrywide dumping rate.[2]  Commerce assigns a separate rate to those respondents that demonstrate an absence of government control.  Neither the statute nor Commerce's regulations directly address how Commerce should establish the rate for these separate rate respondents.  However, Commerce has developed a practice whereby it follows the statute used in investigations to calculate an all-others rate.  This statute provides that "the estimated all-others rate shall be an amount equal to the weighted average of the estimated weighted average dumping margins established for exporters and producers

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code, 2006 edition.

[2] See Yangzhou Bestpak Gifts & Crafts Co. v. United States, 716 F.3d 1370 (Fed. Cir. 2013) for a fuller discussion of calculating the all-others rate with respect to nonmarket economy cases.

individually investigated, excluding any zero and de minimis margins, and any margins determined entirely under section 1677e . . . ."  19 U.S.C. § 1673d(c)(5)(A).[3]

Here, in accordance with 19 U.S.C. § 1677f-1(c)(2), Commerce chose two mandatory respondents, Hung Vuong Group ("HVG") and Vinh Hoan Corporation ("Vinh Hoan").  See Certain Frozen Fish Fillets From the Socialist Republic of Vietnam, 78 Fed. Reg. 55,676 (Dep't Commerce Sept. 11, 2013) (preliminary results of the antidumping duty administrative review and new shipper review; 2011-2012) ("Preliminary Results"); see also Decision Memorandum for the Preliminary Results for Certain Frozen Fish Fillets from the Socialist Republic of Vietnam, A-552-801, (Sept. 3, 2013), available at http://enforcement.trade.gov/frn/summary/vietnam/2013-22123-1.pdf (last visited June 25, 2014).   Commerce published the final results on April 7, 2014.  See Certain Frozen Fish Fillets From the Socialist Republic of Vietnam, 79 Fed. Reg. 19,053 (Dep't Commerce Apr. 7, 2014) (final results of antidumping duty administrative review and new shipper review; 2011-2012) ("Final Results").  In the Final Results, Commerce calculated dumping rates of 0.03 dollars per kilogram ("USD/kg") for Vinh Hoan, 1.20 USD/kg for HVG, and 2.11 USD/kg for those respondents who failed to demonstrate their eligibility for a separate rate.  Commerce followed its practice and averaged the rates for the two

---

[3] The statute's reference to "section 1677e" refers to determinations on the basis of facts available.  The statute also provides that where all of the margins for the investigated respondents are either zero, de minimis, or are determined entirely under section 1677e, Commerce "may use any reasonable method . . ." to determine the rate.  19 U.S.C. § 1673d(c)(5)(B).

mandatory respondents to calculate a 0.42 USD/kg rate for separate rate respondents in accordance with 19 U.S.C. § 1673d(c)(5)(A).

Certain interested parties timely filed ministerial error allegations pursuant to 19 U.S.C. § 1675(h) and 19 C.F.R. § 351.224(c). See Pl.'s Opp'n at 3. On May 9, 2014, Commerce published its intent to correct certain of the ministerial errors alleged by interested parties and one additional ministerial error it found on its own. See id.[4] However, Plaintiff filed its summons on May 7, 2014 and complaint on May 16, 2014 challenging the Final Results. See VASEP's Summons, May 7, 2014, ECF No. 1; Compl., May 16, 2014, ECF No. 9.[5] Thus, this Court was vested with jurisdiction in accordance

---

[4] In its unpublished ministerial error allegation memorandum, Commerce explained that it corrected three ministerial errors. See generally Pl.'s Opp'n at Ex. 1. First, in response to Vinh Hoan's allegation that Commerce did not include freight in the calculation of the fish oil by-product offset even though Commerce stated its intent to do so in the Final Results, Commerce agreed that this was an inadvertent error and made the correction. See id. Second, Commerce found on its own that it made an inadvertent error in copying that caused it to use the incorrect surrogate value for the fish waste input in the calculation of fish oil for Vinh Hoan and corrected the error. See id. Third, in response to HVG's allegation that Commerce did not convert a portion of HVG's international freight to pounds resulting in a value on a pounds and kilogram basis, Commerce agreed that it should have calculated international freight on a consistent pounds basis and corrected the error. See id.

[5] In addition, several other interested parties commenced actions contesting the Final Results. See An Giang Fisheries Import and Export Joint Stock Company, et al. v. United States, Court No. 14-00109 (CIT filed May 5, 2014); Catfish Farmers of America, et al. v. United States, Court No. 14-00113 (CIT filed May 5, 2014); Binh An Seafood Joint Stock Company v. United States, Court No. 14-00114 (CIT filed May 6, 2014). Defendant has filed parallel motions in each of the aforementioned cases, none of which are opposed.

with <u>Zenith Elecs. Corp. v. United States</u>, 884 F.2d 556 (Fed. Cir. 1989) before Commerce published any amended final results.[6]

**ANALYSIS**

The court has discretion to grant leave for Commerce to amend the Final Results. <u>See</u> <u>NTN Corp. v. United States</u>, 32 CIT 1283, 1285, 587 F.Supp.2d 1313, 1315 (2008). As in <u>NTN Corp.</u>, the court's decision is guided by the Congressional intent inherent in 19 U.S.C. § 1675(h) as well as its obligation rooted in the USCIT Rules to avoid prejudice, undue delay, and expense. Plaintiff argues that here, Commerce's proposed revision of the parties' rates is the result of a methodological choice and not a ministerial error correction. Thus, Plaintiff argues "granting the Defendant's motion . . . would be prejudicial and procedurally unfair." Pl.'s Opp'n at 5.

Congress specifically required Commerce to establish procedures for correcting ministerial errors "within a reasonable time after" administrative review determinations are made. 19 U.S.C. § 1675(h). Commerce promulgated procedures implementing this directive. <u>See</u> 19 C.F.R. § 351.224 (2014).[7] Similar to the statute, the

---

[6] VASEP also filed a consent motion for preliminary injunction on May 27, 2014 which the court granted in an order dated the same day. <u>See</u> Consent Mot. Prelim. Inj., May 27, 2014, ECF No. 10; Order, May 27, 2014, ECF No. 11 ("Order I"). Thus, unliquidated entries of subject merchandise covered by the ninth administrative review are currently enjoined from being liquidated pending a final and conclusive court decision in this litigation. Additionally, Defendant filed a consent motion to suspend the Defendant's obligation to file the administrative record in this action until the pending motion was resolved which the court also granted. <u>See</u> Def.'s Consent Mot. Suspend Obl. File Admin. R., June 20, 2014, ECF No. 26; Order, June 20, 2014, ECF No. 27 ("Order II").

[7] Further citations to the Code of Federal Regulations are to the 2014 edition.

regulations define a ministerial error as "an error in addition, subtraction, or other arithmetic function, clerical error resulting from inaccurate copying, duplication, or the like, and any other similar type of unintentional error which the Secretary considers ministerial." 19 C.F.R. § 351.224(f). The regulations also provide opportunities for the parties to comment on ministerial errors. See 19 C.F.R. § 351.224(c). Thus, Congress has expressed a clear intent for Commerce to correct ministerial errors which Commerce has accomplished through its regulations.

Initially, Plaintiff argues that Commerce's proposed corrections are not ministerial errors. As a result of Commerce's proposed corrections, Commerce would adjust the rate for Vinh Hoan to 0.00 USD/kg and for separate rate respondents to 1.20 USD/kg. See Pl.'s Opp'n at 4. Rather than attacking the correction Commerce made that triggers these rate adjustments, Plaintiff argues that by adjusting the rates for separate rate respondents from 0.42 USD/kg to 1.20 USD/kg Commerce made a methodological choice. As discussed above, in the Final Results, Commerce relied on its practice of following the all-others rate statute for investigations to calculate the rate for separate rate respondents. In the unpublished amended final results, Vinh Hoan's rate changed from 0.03 USD/kg to 0.00 USD/kg as a result of the ministerial error correction. Commerce then, once again, applied the same practice following the same section of the statute to adjust the rate for separate rate respondents. Plaintiff's argument that this was a methodological choice falls flat. Commerce continued applying the exact same methodology that it used for calculating rates for separate rate respondents in the

Final Results.  Thus, the court finds that Commerce's proposed corrections are ministerial and granting Defendant's motion would further Congress's intent of correcting ministerial errors in a reasonable time after final determinations are issued.

Next, the court considers whether granting Defendant's motion will prejudice any of the parties.  The court finds that granting the motion will not prejudice any of the parties because no party will forgo any procedures to which it normally would be entitled.  Plaintiff will have the opportunity to raise any challenges to the amended rate after the amended final results are published.  Additionally, Defendant-Intervenors, Catfish Farmers of America, et al., who do not oppose this motion, will have the opportunity to contest Vinh Hoan's margin in <u>Catfish Farmers of America, et al. v. United States</u>, Court No. 14-00113 (CIT filed May 5, 2014).  Finally, denying Defendant's motion would be unfair to the mandatory respondents, Plaintiff-Intervenors, who timely filed ministerial error allegations and would not have the opportunity to have those corrected until a court ordered remand at another point in the proceedings.

Next, the court considers whether granting Defendant's motion will cause any undue delay or expense.  On June 20, 2014, the court granted Defendant's consent motion suspending Defendant's obligation to file the administrative record.  <u>See</u> Order II at 3.  The order provides that Commerce shall file the administrative record either forty days from the date the court grants Defendant's Motions for Leave to Publish Amend Final Results or ten days from the date the court denies the motions.  <u>See</u> <u>id.</u>  Moreover, it may be that some parties will need to amend their complaints in this action or one of

the related actions after the amended results are published. This thirty day delay and added cost of amending complaints is a cost that the court must consider.[8] However, granting Defendant's motion may also save time by avoiding an unnecessary remand. Additionally, the added cost of amending a complaint will be counterbalanced by avoiding unnecessary litigation of the issues that will be corrected in the amended Final Results. Certainly the delay and costs do not outweigh the concerns the court has discussed above. Finally, the court will provide all plaintiffs to this action and the related actions leave to file amended summonses and amended complaints pursuant to USCIT Rules 3(e) and 15(a) without having to pay the fees for filing a new case.

Plaintiff also argues that Commerce's decision to apply the 1.20 USD/kg rate to separate rate respondents was not supported by substantial evidence and was contrary to law. The court will not address the merits of this issue at this time. Plaintiff in this action and the plaintiffs in all the related cases are being granted leave to amend their summonses and complaints. The parties will have the opportunity to address this issue on the merits in their USCIT Rule 56.2 motions.

## CONCLUSION AND ORDER

Accordingly, upon consideration of Defendant's motion, Plaintiff's opposition thereto, and all papers and proceedings herein, and upon due deliberation, it is hereby:

---

[8] The delay is only thirty days because Commerce has ten days to file the administrative record if the court denies the motion but will have forty days if the court grants the motion.

**ORDERED** that Defendant's Motion for Leave to Publish Amended Final Results is granted, it is further

**ORDERED** that the Department of Commerce shall file the administrative record in accordance with this court's order dated June 20, 2014, listed at ECF No. 27, and it is further

**ORDERED** that Plaintiff is granted leave to amend its summons and complaint pursuant to USCIT Rule 3(e) and USCIT Rule 15(a) following the publication of the amended final results, and it is further

**ORDERED** that the injunction entered by the Court by the order dated May 27, 2014, listed at ECF No. 11, remains in effect according to the terms of that order.


                                        _/s/ Claire R. Kelly__
                                        Claire R. Kelly, Judge


Dated: June 26, 2014
       New York, NY